Joe A. Ramirez (Colorado Bar No. 34866)
*(Admitted pro hac vice)*
Shawn A. Eady (Colorado Bar No. 38650)
*(Admitted pro hac vice)*
**HOLLAND & HART LLP**
555 17th Street, Suite 3200
Denver, CO 80202-3921
Phone: 303.295.8000
Fax: 303.295.8261
jramirez@hollandhart.com
saeady@hollandhart.com

Sydney R. Gambee
Nevada Bar No. 14201
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
srgambee@hollandhart.com

*Attorneys for Plaintiffs Brad Hall & Associates; Teton Petroleum Transport, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Brad Hall & Associates, Inc.; Teton Petroleum Transport, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RSUI Indemnity Company,<br><br>Defendant. | **Case No.: 2:23-cv-00213-APG-DJA**<br><br>**STIPULATION TO STAY DISCOVERY UNTIL RESOLUTION OF DISPOSITIVE MOTIONS** |

Pursuant to LR 6-1, Plaintiffs Brad Hall & Associates, Inc. and Teton Petroleum Transport, LLC ("Plaintiffs") and Defendant RSUI Indemnity Company ("Defendant," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree that all discovery in the above-captioned matter be stayed until such time as the Parties' anticipated cross-motions for summary judgment have been decided. The Parties further hereby stipulate and agree to a briefing schedule for such early motions for summary judgment.

///

///

## I. PROCEDURAL BACKGROUND

On February 9, 2023, Plaintiffs filed their original complaint against Defendant, seeking damages for breach of contract, bad faith breach of contract, statutory violation of NRS 686A.310, along with other relief including declaratory judgment. ECF No. 1. On March 17, 2023, Defendant filed its Answer to the Complaint. ECF No. 15. On April 4, 2023 and April 7, 2023 respectively, the Parties filed their Notice of Errata to Complaint (ECF No. 17) and First Amended Answer to Complaint (ECF No. 18) to correct a scrivener's error (the policy number) subsequently identified in the original Complaint.

The Parties held an initial Rule 26(f) conference on April 7, 2023, with a continued conference on April 13, 2023. The Parties discussed, among other things, the benefit of filing early dispositive motions before commencing routine discovery given that the Parties agree that an initial and necessary issue to be decided in this case hinges on contract interpretation of the relevant insurance policy. The Parties believe that an early determination regarding the interpretation, as a matter of law, of the language of the relevant insurance policy will greatly streamline, if not eliminate, many of the issues (and potentially claims) involved in this case.

Therefore, the Parties hereby submit this Stipulation for a stay of discovery and imposition of a briefing schedule for their anticipated early motions for summary judgment. While not yet filed, the Parties recognize that such motions will address a primary issue in this dispute: whether the terms of the applicable insurance policy provide coverage for the claims at issue.

## II. DISCOVERY STATUS

This is the first time the Parties have requested the Court stay discovery and impose any deadlines concerning dispositive motions, as this lawsuit is in its inception and discovery has only just commenced between the Parties. The Parties have exchanged their initial disclosures as of April 28, 2023. Apart from one exception for a third-party subpoena to Zurich American Insurance Company relative to its claim file, the Parties have agreed to stay all additional and further discovery as detailed herein. Within thirty (30) days of the Court's ruling on the anticipated motions for summary judgment, the Parties will hold any additional supplemental Rule 26(f) conference(s) as may be necessary and file a status report with the Court proposing

2

any remaining discovery and scheduling order deadlines, including amendment, expert, and fact discovery deadlines.

### III. DISCOVERY SHOULD BE STAYED PENDING DECISION ON EARLY DISPOSITIVE MOTIONS.

Resolution of the proper interpretation of the insurance policy at issue will certainly streamline this lawsuit, and in the spirit of Fed. R. Civ. P. 1, this constitutes good cause for staying discovery pending the Parties' dispositive briefing as an effort to resolve this dispute efficaciously and without unnecessary expense.

"In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). This principle has guided the District of Nevada to develop a three-part test governing discovery stays. "First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought." *Rosenstein v. Clark Cty. Sch. Dist.*, No. 2:13-CV-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014) (citing *Tradebay*, 278 F.R.D. at 600). "Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery." *Id.* (citing *Tradebay*, 278 F.R.D. at 600). Finally, "the court must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Id.* (quoting *Tradebay*, 278 F.R.D. at 603).

Federal courts also consider other factors with respect to granting stay relief. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681,685 (9th Cir. 1988). To determine if a stay is appropriate, the court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of discovery pending resolution of the anticipated dispositive summary judgment motions.

///

3

As an initial matter, while the summary judgment motions have not yet been filed, so the Court cannot necessarily take a "preliminary peek" at the text of the motions, the Parties agree that the subject of the motions, the proper interpretation of the insurance policy at issue, is a preliminary issue that will either narrow or eliminate issues in this case.  The scope of the insurance policy will be critical to the breach of contract claim in particular, and the interpretation of the policy language is a matter of law needing no discovery to resolve.  The Parties do not believe there is any damage that will result from the limited stay requested herein to brief and decide cross motions for summary judgment, especially when balanced against the potentially unnecessary fees, costs, and time each Party would incur in completing discovery, including travel and preparation for depositions and related disputes.  The Court will also be relieved of the burden of evaluating and deciding any discovery-related motions until after threshold issues have been decided, if at all.  The requested stay will benefit all Parties as well as the Court.  There are no other parties to consider, as the Parties are in agreement with respect to the stay. Judicial economy and the orderly course of justice are best served by staying discovery pending the outcome of the anticipated motions and setting of a briefing schedule for such motions.  Without a stay, the Parties may be forced to expend resources on discovery that may become unnecessary depending on the interpretation of the language of the policy.

Therefore, it is appropriate and beneficial for the Court to grant a stay of discovery and enter the proposed briefing schedule on the anticipated early motions for summary judgment.

## IV.   PROPOSED STIPULATED STAY AND BRIEFING SCHEDULE

Accordingly, the parties stipulate as follows:

1. Plaintiffs and Defendant must file and serve their respective FRCP 56(a) motions no later than 90 days from the date of this Stipulation, or July 31, 2023.

2. Brief(s) in opposition to a motion for summary judgment are due no later than 21 days after the filing and service of the motion(s).

3. Reply brief(s) in support of a motion for summary judgment are due no later than 14 days after the filing of any opposition brief(s).

///

4

4. During the pendency of the dispositive motion briefing outlined above, discovery shall be stayed, with the following exception:

    a. Defendant may, no later than May 31, 2023, issue a third-party subpoena to Zurich American Insurance Company for its claim file and other related documents, or to Plaintiffs' other liability insurers for the same requests, subject to the provisions of Fed. R. Civ. P. 45.

5. Within 30 days of the Court's ruling on the dispositive motions outlined above, the Parties will hold any supplemental Rule 26(f) conference(s), if necessary, and file a status report with the Court proposing additional discovery and other deadlines, including appropriate pleading amendment, and fact and expert discovery deadlines.

6. To the extent the Court is inclined to deny this stipulation, the parties request a conference with the Court to further discuss the Parties' rationale for the Stipulation.

DATED this 1st day of May, 2023.

CHRISTIAN KRAVITZ DICHTER
JOHNSON & SLUGA LLC

*/s/ Tyler J. Watson*
Gena L. Sluga, Esq. (No. 9910)
Tyler J. Watson, Esq. (No. 11735)
8985 Eastern Avenue, Suite 200
Las Vegas, NV 89123

MUSIC PEELER & GARRETT LLP
Nancy J.W. Brown, Esq. (No. 4484)
624 S. Grand Avenue, Suite 2000
Los Angeles, CA 90293

*Attorneys for Defendant
RSUI Indemnity Company*

HOLLAND & HART LLP

*/s/ Sydney R. Gambee*
Sydney R. Gambee (No. 14201)
9555 Hillwood Drive
2nd Floor
Las Vegas, NV 89134

Jose A. Ramirez (No. 34866)
*(Admitted Pro Hac Vice)*
Shawn A. Eady (No. 38650)
*(Admitted Pro Hac Vice)*
555 17th Street, Suite 3200
Denver, CO 80202-3921

*Attorneys for Plaintiffs Brad Hall & Associates, Inc.; Teton Petroleum Transport, LLC*

**IT IS SO ORDERED.**

**ORDER**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: May 4, 2023

21402039_v1  110200.0002