Jose A. Ramirez (Colorado Bar No. 34866)
*(admitted pro hac vice)*
Shawn A. Eady (Colorado Bar No. 38650)
*(admitted pro hac vice)*
**HOLLAND & HART LLP**
555 17th Street, Suite 3200
Denver, CO 80202-3921
Phone: 303.295.8000
Fax: 303.295.8261
jramirez@hollandhart.com
saeady@hollandhart.com

Sydney R. Gambee
Nevada Bar No. 14201
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
srgambee@hollandhart.com

*Attorneys for Plaintiffs Brad Hall & Associates;*
*Teton Petroleum Transport, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Brad Hall & Associates, Inc.; Teton Petroleum Transport, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RSUI Indemnity Company,<br><br>Defendant. | **Case No.: 2:23-cv-00213-APG-DJA**<br><br>**STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER**<br><br>***SPECIAL SCHEDULING REVIEW REQUESTED*** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule (LR) 26-1, and this Court's Order dated April 16, 2024 (ECF No. 37), Plaintiffs Brad Hall & Associates, Inc. and Teton Petroleum Transport, LLC ("Plaintiffs") and Defendant RSUI Indemnity Company ("Defendant") jointly submit the following Stipulated Discovery Plan and Scheduling Order. Special Scheduling Review is requested for Section 3 (discovery cut off), as explained in Section 1.

1. <u>Reasons why longer time periods should apply</u>.  Pursuant to the Stipulation of Plaintiffs and Defendant filed herein May 1, 2023 (ECF No. 19) and the Order thereon on May

1

4, 2023 (ECF No. 20), this case was stayed while the parties briefed cross motions for summary judgment on legal issues relating to contract interpretation that could have eliminated or narrowed issues in this case. The Court's January 26, 2024 ruling (ECF No. 34) on the cross-motions did not resolve the case. Since that time, Plaintiffs and Defendant have been engaged in good faith settlement negotiations in an attempt to resolve the case without further expenses of litigation. While the parties continue to engage in settlement negotiations, the parties hereby submit this proposed Discovery Plan and Scheduling Order consistent with this Court's Minute Order on April 16, 2024 (ECF No. 37).

Due to the stay, order on cross motions for summary judgment, and resulting settlement negotiations, the parties have not yet commenced discovery apart from the parties' initial disclosures exchanged prior to the stay (on April 28, 2023 for Plaintiffs, and on May 1, 2023 with amended disclosures on May 11, 2023 and July 25, 2023 for Defendant). The parties will require substantial discovery, which will include subpoenas on third parties, written discovery, follow up depositions of the parties and third-parties involved in the clean-up efforts and clean-up supervision, and extensive environmental expert review and analysis with subsequent depositions of the disclosed initial and rebuttal experts relating to environmental cleanup. The parties do not believe that six months will be sufficient time to complete all discovery and therefore request approximately ten months (as opposed to eight or nine months, which would result in other associated deadlines falling around holidays) to complete all discovery, including expert discovery, measured from the date of this filing.

2. <u>Meeting</u>. Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1, counsel held telephonic conferences on April 7, 2023 and April 13, 2023 prior to the stay. On April 12 and 15, 2024, the parties held supplemental scheduling conferences. Appearing for Plaintiffs were Nancy Brown and Tyler Watson, and appearing for Defendants was Jose A. Ramirez. On April 29, 2024, the parties held another supplemental scheduling conference. Appearing for Plaintiffs was Nancy Brown and appearing for Defendants was Sydney R. Gambee.

///

///

2

3. <u>Discovery Cut-Off Date</u>.  The parties request a discovery period of approximately ten months from the date of this filing due to the stay in this case.  The discovery period will therefore close on March 10, 2025.

4. <u>Initial Disclosures</u>.  Both Plaintiffs and Defendants made their initial disclosures before the stay.  Plaintiffs made their initial disclosures on April 28, 2023.  Defendant made its initial disclosures on May 1, 2023, with amended disclosures on May 11, 2023 and second amended disclosures on July 25, 2023.

5. <u>Amending the Pleadings and Adding Parties</u>.  The date for filing motions to amend the pleadings or to add parties shall be ninety (90) days prior to the close of discovery: December 10, 2024.  Any party causing additional parties to be joined or brought to this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

6. <u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>.  The disclosure of any expert witnesses shall be made sixty (60) days before the discovery deadline: January 9, 2025.  The disclosures of any rebuttal experts shall be due twenty-nine (29) days after the initial disclosures of experts: February 7, 2025.[1]  The requirements of Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure shall apply to any such disclosures.

7. <u>Dispositive Motions</u>.  Dispositive motions shall be filed not later than thirty (30) days after the discovery cut-off date: April 9, 2025.

8. <u>Pretrial Order</u>.  The Joint Pretrial Order shall be filed thirty (30) days after the date set for filing dispositive motions: May 9, 2025.  In the event that dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after a decision on the dispositive motions or further order of the Court.

9. <u>Fed. R. Civ. P. 26(a)(3) Disclosures</u>.  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

///

---

[1] 30 days after the initial disclosure of experts is Saturday, February 8, 2025. February 7, 2025 is the preceding Friday.

10. <u>Alternative Dispute Resolution</u>.  The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties have not reached any stipulations at this stage.  Plaintiffs are amenable to a settlement conference.

11. <u>Alternative Forms of Case Disposition</u>.  The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).  The parties do not agree to have the case heard before a magistrate judge.

12. <u>Extension or Modification of the Discovery Plan and Scheduling Order</u>.  LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.  Any stipulation or motion must be made not later than twenty-one (21) days before the expiration of the subject deadline, and comply fully with LR 26-3.

13. <u>Subjects on Which Discovery Will be Conducted</u>.  No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or local rules. No orders are requested to be entered pursuant to Rule 26(b), 26(c), or 16(b) at this time, other than those addressed in this stipulation.  Discovery does not need to be conducted in phases or limited or focused on particular issues.

14. <u>Electronic Evidence</u>.  The Parties agree that discovery in this action will likely require the disclosure and review of electronically stored evidence ("ESI"). The Parties agree to work cooperatively regarding the exchange of ESI. The Parties have not yet assessed the volume of ESI and therefore have not yet determined the best and most efficient method of exchanging that information. The Parties shall confer in good faith to determine the agreed protocols for production and will seek Court assistance in the unlikely event an agreement between the Parties is not reached. The parties agree that pursuant to Rules 5(b)(2)(e) and 6(d) of the Federal Rules of Civil Procedure, any discovery papers, such as discovery requests, discovery responses, deposition notices, and discovery disclosures, may be served via electronic mail to the email addresses designated by the parties.  Unless otherwise requested, the parties may produce documents in individual PDFs, in searchable PDF format, except that spreadsheets and other like

4

1  documents may be produced in native format.  The parties further intend, to the extent practical,

2  to present evidence in electronic format.  The parties discussed the presentation of evidence for

3  juror deliberations but did not reach any stipulations as to the method as this early stage.  The

4  parties reserve the right to submit hard copies of any and all exhibits, if necessary, and to amend

5  this plan either by stipulation or motion.  Plaintiffs have demanded a jury trial by filing a jury

6  demand on February 9, 2023.

7        15.      Discovery Disputes.  The parties agree that before moving for an order relating

8  to discovery, the movant must request a conference with the assigned magistrate judge.

9  DATED this 29th day of April, 2024.

/s/ Sydney R. Gambee
Sydney R. Gambee (No. 14201)
Holland & Hart LLP
9555 Hillwood Drive
2nd Floor
Las Vegas, NV 89134

Jose A. Ramirez (No. 34866)
*(Admitted Pro Hac Vice)*
Shawn A. Eady (No. 38650)
*(Admitted Pro Hac Vice)*
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
*Attorneys for Plaintiffs Brad Hall & Associates, Inc.; Teton Petroleum Transport, LLC*

/s/Nancy J.W. Brown
Tyler J. Watson SBN 11735
Gena L. Sluga, SBN 9910
Christian, Kravitz, Dichter, Johnson & Sluga, LLC
8985 Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

Nancy J.W. Brown, Esq., SBN 4484
Music, Peeler & Garrett LLP
624 S. Grand Ave. Suite 2000
Los Angeles, CA 90293

*Attorneys for RSUI Indemnity Company*

**IT IS HEREBY ORDERED** that the parties' Joint Discovery Plan and Scheduling Order is **granted in part** and **denied in part**. The scheduling deadlines set forth in the plan are GRANTED.  The request for a status conference with the Court before formal discovery motion practice is DENIED. The parties shall meet and confer and brief any discovery disputes in accordance with Local Rule 26-6.

DATED: 4/30/2024

_____
Daniel J. Albregts
United States Magistrate Judge

5

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2024, service of the foregoing **STIPULATED DISCOVERY PLAN AND PROPOSED SCHEDULING ORDER [*SPECIAL SCHEDULING REVIEW REQUESTED*]** was made upon each party in the case who is registered as an electronic case filing user with the clerk, pursuant to Fed. Rule Civ. P. 5(b)(3), and Local Rule 5-1, as follows:

Gena L. Sluga, Esq.
Tyler J. Watson, Esq.
Christian, Kravitz, Dichter, Johnson & Sluga, LLC
8985 Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
gsluga@cdslawfirm.com
tjwatson@ksjattorneys.com

Nancy J.W. Brown, Esq.
Musick, Peeler & Garrett LLP
624 S. Grand Avenue, Suite 2000
Los Angeles, CA 90293
n.brown@musickpeeler.com

*Attorneys for Defendant RSUI Indemnity Company*

/s/ Joyce Heilich
an employee of Holland & Hart LLP

31924097_v4

6